By the court.
Demurrers for the insufficiency of indictments, are now seldom filed. The court will never compel the defendant to file one. Motion to quash, is a more easy and equally effectual mode of getting at the whole matter. Every thing may be heard upon it. And in order to hear a motion to quash, the court will always permit the plea of not guilty to be withdrawn.
Southard J.
I do not think the motion ought to be postponed, as the defendant is in prison. Nor do I perceive either, how we can hear, while the plea of not guilty is on the record ; nor how that plea can be withdrawn, unless the defendant is brought up and appear personally in court.
Scott, proposed, on behalf of the defendant, to withdraw the plea.
By the court.
If we permit this to be done, and the motion is decided against him, he is not here to plead again. But .he may be brought up for that purpose. Under the circumstances however, if it is desired, we will hear the argument, and take such course afterwards, as the case may require.
Wood, for defendant, read the writs of certiorari and *624 the, returns, and then argued; 1. That no precept for a jury had been directed and delivered to the sheriff, which was necessary to authorise him to act. Pat. 130. Burn. J. 665. That this process was no more to be dispensed with, than any other writ; that writs for the tales de dr. were formerly necessary, and that the legislature were obliged to interfere and alter it before they could be taken without the writs. 2. That the court at which the indictments were found did not appear to be held at the proper place, which by the statute, was Bridgewater ; that this court could look only to the record, and could not officially and judicially take notice that they were the same place; that this fact *upon the face of the record was fatal. 2 Burn. J. 665. 2 Ld. Ray. 1379.
Scott, on the same point, read Pat. 342. 2 Dyer 125-6. 2 Hawk. 362.
Attorney-General. The return is incorrect. The original indictment ought to be sent up. The return ought to answer the command of the writ (2 Hawk. 460;) and on the original indictment, the difference as to the place of holding the court would not appear. It has merely crept in, in preparing the caption and making out the rules taken at the several terms.
Kirkpatrick G. J.
The record is never sent with the writ, but the tenor only. We send a transcript and that is regarded as the record. The rules -taken at the different terms, and which form a part of this return, are only the materials for making up the record, (a)
Attorney-General. Will.not the court permit the record to be sent back to correct the error in the word Somerville, the place of holding the court ?
Scott. For defect of return there may bó amendment, but not to correct the original entry or record.
*625 Kirkpatrick 0. J.
The inferior courts have for many years been negligent in making up their records. There have been no captions made, and there is probably none upon the files by which this amendment could be made. Yet the error seems of such a kind, that the clerk ought to be permitted to correct it, agreeably to the fact.
Scott. No suggestion is made, that there is any thing to amend by. There are no materials out of which the record could be made right, if it is erroneous.
By thjg court.
Let the argument proceed upon the other point.
Attorney-General. 1. It is not now a proper inquiry, whether the writ issued to the sheriff. It is too late, after the pleadings and proceedings which have been had, to except to the authority of the grand jury. 2. If true, the exception has nothing to do with the authority of the court to try the indictment. Its authority comes not from the formal proceedings, but from the statute. Pat. 130. After presentment the authority cannot be inquired *into in this way. The court had the authority to inquire ; it has certified that the proceedings were correct ; its decision is not now to be investigated. The writ itself is only issued for the convenience of the court and expedition of justice; it is of no importance to the prisoner. 3. The want of process is not fatal. There is nothing imperative in the act; it is only permissive. And our practice for twenty years, has been, not to issue these writs in the sessions. The juries have been returned without them. This has become our common law, and the court will not lightly disturb it.
Scott. The consent of defendant to plead, gives no jurisdiction. 2 Hale 224. Pleas of the general issue, conclude nothing; and nothing will be intended to favour conviction. A voluntary grand jury cannot present. The court cannot select the grand jury. Proclamation is always made to return the writ; this precept is returned, and the court then proceeds. The jury must be returned, and return ex vi termini, is an answer to the writ.
*626 By the court.
A defendant can only be put to answer ■ an indictment legally found and presented. A grand jury has no authority to inquire and present, unless legally impanelled. The sheriff is merely an executive officer : he executes the writs that are directed to him. They are his authority to act, and his guide and direction how to act. Without them he has no power. His authority to summon a grand jury, arises only from the command of the precept. A jury summoned without it, is summoned altogether without legal right. Such a body is'not a grand jury. It has no right to present, nor are its presentments sufficient to put the defendant on trial. These indictments, therefore, being presented withoutproper authority, must be quashed.
It was subsequently moved by R. Stockton, for the Attorney-General, that the defendant be continued in custody until regular indictments could be found against him.
Scott. It is more than two years since these indictments were found: he cannot, therefore, be punished, and ought not to be held.
Stockton. That question is not here to be settled. He may not be permitted to take advantage of the limitation.
Southard J.
This court here, and on this argument, ought not to order him to be either discharged or held. He is now in Confinement on a criminal charge; when he applies for his discharge, to the proper tribunal, it will determine this matter.
The court,
then directed a rule, that he be held to bail for his appearance before the next court of Oyer and Terminer and General Gaol Delivery of the county of Somerset, in such sum as the Chief Justice should order and direct, on the return of a habeas corpus, before him, at his house in Neio-Brunswick.

 Cited in Morris Canal ads. The State, 2 Gr. 430. Browning vs. Cooper, 3 Har. 196. See also State vs. Hunt, 1 Hal. 303. North Brunswick vs. Franklin, 1 Har. 535. Mann vs. Drost, 3 Har. 336. Morrel vs. Fearing, Spen. 670. State vs. Morton, 3 Zab. 47. Overseers of Mendham vs. Morris, post 810.